

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DE'NISHA JUANITA WILSON,<br><br>*Defendant*. | Case No. 3:21-cr-069<br><br>18 U.S.C. § 1341<br>Mail Fraud<br>(Count One)<br><br>Forfeiture Allegation |

### CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE
(Mail Fraud)

1. Between in or about May 2019 through in or about January 2020, in the Eastern District of Virginia and elsewhere, the defendant, DE'NISHA JUANITA WILSON, devised a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly place and caused to be placed in any post office or authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the United States Postal Service; deposit and caused to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier; and caused to be delivered by mail and such carrier any matter and whatever according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

2. The City of Richmond Department of Social Services (DSS) administers financial benefits programs for needy individuals, including the federally funded Temporary Assistance for Needy Families program (TANF) and Supplemental Nutrition Assistance Program (SNAP).

Eligible individuals receiving TANF and SNAP benefits can receive those benefits through monthly deposits onto prepaid debit cards.

3. At all times relevant, WILSON was employed as a case worker by DSS, where her responsibilities included assisting with and overseeing individuals' receipt of financial benefits, including TANF and SNAP benefits, and where she had access to state and city systems containing beneficiaries' personal identifying information.

4. In or around May 2019, WILSON was the case worker for S.B., a 27-year-old woman who received benefits, including TANF and SNAP benefits, on behalf of her own three children and on behalf of her incarcerated brother's two children.

5. On or about May 16, 2019, S.B. was killed in a car accident.

6. On or about May 21, 2019, WILSON attended a memorial gathering for S.B. in Richmond, Virginia. At that memorial gathering, WILSON told S.B.'s mother (H.B.) that WILSON had been S.B.'s social worker.

7. Following S.B.'s death, WILSON engaged in a scheme and artifice to defraud by actively keeping S.B.'s benefits case open so that TANF and SNAP benefits continued to be deposited each month. WILSON accessed DSS databases to gather personal identifying information for S.B., then used that information to access S.B.'s TANF and SNAP accounts, change the mailing address for the accounts to an address of WILSON's choosing, then report S.B.'s TANF and SNAP debit cards as lost so that replacement cards would be mailed directly to WILSON. Thereafter, WILSON used the replacement TANF and SNAP debit cards for her own personal expenses.

8. The specific misrepresentations WILSON made in furtherance of the above-described scheme included the following statements and/or omissions:

    a.    WILSON falsely instructed H.B. that before she could apply for DSS benefits on behalf of S.B.'s children, H.B. would first need to become their legal guardian;

    b.    In her role as a case worker, WILSON conducted required records-checks and received documents that showed S.B. had died but did not report that information to stop benefits payments to S.B.; and

    c.    WILSON prepared a fabricated medical evaluation form purporting to show S.B. was experiencing a high-risk pregnancy in October 2019 and therefore could not participate in programs otherwise required to maintain eligibility for TANF benefits.

9.    In furtherance of this scheme to defraud, WILSON caused mailings through the United States mail and private mail carriers, including the mailing of the debit cards associated with S.B.'s TANF and SNAP accounts where those benefits were deposited and ultimately spent. These mailings came to addresses within the Eastern District of Virginia.

10.    For example, on or about June 17, 2019, WILSON knowingly caused to be delivered by mail and any private and commercial interstate carrier, to WILSON's mother's personal address in Richmond, Virginia, an electronic benefit transfer (EBT) card ending 9470, which gave access to the SNAP benefits associated with S.B.

11.    Similarly, on or about July 5, 2019, WILSON knowingly caused to be delivered by mail and any private and commercial interstate carrier, to WILSON's mother's personal address in Richmond, Virginia, an electronic payment processing information control (EPPIC) debit card ending 7311, which gave access to the TANF benefits associated with S.B.

12.    WILSON used the majority of the TANF and SNAP benefits she obtained for her own personal expenses.

13.    As a result of this scheme to defraud, WILSON fraudulently obtained at least $13,357.07 in TANF and SNAP benefits associated with S.B.

(In violation of Title 18, United States Code, Section 1341.)

## FORFEITURE ALLEGATION

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendant is hereby notified that upon conviction of the offense alleged in Count One of this information, the defendant shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds traceable to a violation of the offense charged. If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(In violation of Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).)

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____
Kevin S. Elliker
Assistant United States Attorney